IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHERRI ALLEN and RICHARD ALLEN, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 05-733-BH -C |
| v. | ) ) | |
| PHARMACISTS MUTUAL INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the parties' pleadings regarding Plaintiffs' Motion (Doc. 5) to Remand. The parties have also appeared before the Court to argue their positions on this matter. Based on the above noted pleadings and arguments, the Court finds that Plaintiffs' Motion to Remand is **due to be and hereby GRANTED**.

Plaintiffs bring the instant action against named Defendants Pharmacists Mutual Insurance Co. (hereinafter "PMIC"), an Iowa Corporation, and Timothy and Lisa McClantoc (hereinafter "the McClantocs"), Alabama residents. Plaintiffs cite four causes of action in their Complaint which was originally filed in the Circuit Court of Baldwin County. Counts I and II for Breach of Contract and Bad Faith, respectively, are only alleged against PMIC. Plaintiffs contend that Count III, for Wantonness, implicates both PMIC and the McClantocs. Plaintiffs also proffer that Count IV for Declaratory Relief indicates a controversy as to all parties' rights under both the insurance contract and the assignment. Defendant PMIC, however, asserts that neither Count III nor Count IV state a cause of action against the McClantocs. Therefore, they allege, the McClantocs have been fraudulently joined creating diversity jurisdiction and Federal Court is the proper forum for this case.

The Court disagrees.

Without reaching a determination as to the whether the McClantocs have been implicated in the Wantonness claim as it has been articulated in Plaintiffs' Complaint, the Court does find that the McClantocs have been properly joined as defendants in Plaintiffs' claim seeking Declaratory Relief.  It is clear to the Court, and admitted by PMIC, that the McClantocs and the Allens entered into an assignment of some rights in consummating the sale of the real property and residence at Lot 4, Bon Bay Estates, Gulf Shores, Alabama.  Part of what Plaintiffs now seek is a judicial determination of all parties' rights arising from the assignment.  Because the McClantocs were a party to that assignment, they are necessarily implicated in this claim and, therefore, not fraudulently joined.  Plaintiffs' Motion (Doc. 5) to Remand is **hereby GRANTED** and this case is **to be REMANDED to the Circuit Court of Baldwin County, Alabama** for further disposition.

**So ORDERED**, this 14th day of March, 2006.

                                    s/ W. B. Hand
                                SENIOR DISTRICT JUDGE